1
2
3
4
5
6
7                    **UNITED STATES DISTRICT COURT FOR THE**
8                        **EASTERN DISTRICT OF CALIFORNIA**
9
10   MARY ANN MARGARET ANDERSON,          Case No.:  2:25-cv-01916-DJC-CSK
11         Plaintiff,
12         v.                              **SCHEDULING ORDER**
13   WAL-MART ASSOCIATES, INC., ET AL.,
14         Defendants.
15
16   **I.      SERVICE OF PROCESS**
17          The named defendants have been served as required by Federal Rule of Civil
18   Procedure 5.  No further service is permitted without leave of the Court, good cause
19   having been shown under Federal Rule of Civil Procedure 16(b).
20   **II.     JOINDER OF ADDITIONAL PARTIES / AMENDMENT OF PLEADINGS**
21          No further joinder of parties or amendments to pleadings is permitted without
22   leave of the Court, good cause having been shown.  *See* Fed. R. Civ. P. 16(b); *Johnson*
23   *v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).
24   **III.    DISCOVERY PROCEDURES**
25          Discovery matters that do not implicate the schedule of the case or that do not
26   relate to sealing or redaction of documents related to dispositive motions are referred
27   to the assigned United States Magistrate Judge, who will hear all discovery disputes
28   subject to his or her procedures.  All discovery documents must include the words

"DISCOVERY MATTER" in the caption to ensure proper routing.  Do not direct delivery of courtesy copies of these documents to the District Judge.  Counsel are directed to review and comply with the case management procedures of the assigned Magistrate Judge when setting applicable discovery matters for hearing.  All motions to compel discovery must be noticed on the assigned Magistrate Judge's calendar in accordance with the local rules of this Court and the Magistrate Judge's own procedures.

The written ruling of the assigned Magistrate Judge shall be final, subject to modification by the District Judge only where it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A).  Pursuant to Local Rule 303, any party may file and serve a "Request for Reconsideration by the District Judge of Magistrate Judge's Ruling."  *See* L.R. 303(c).  The requesting party must file and serve any such request within fourteen (14) days of service of a written ruling.  L.R. 303(b).  The request must specify which portions of the ruling are clearly erroneous or contrary to law and the basis for that contention with supporting points and authorities.  L.R. 303(c).

In addition, the assigned Magistrate Judge reviews proposed discovery phase protective orders sought by the parties pursuant to Local Rule 141.1.  However, requests to seal or redact in connection with dispositive motions or trial are decided by Judge Calabretta and any such requests must comply with Judge Calabretta's Standing Order and Local Rules 140 and 141.

## IV.    DISCOVERY DEADLINES

### A.    Rule 26(a) Initial Disclosures

If not already completed, all parties appearing shall make initial disclosures pursuant to Federal Rule of Civil Procedure Rule 26(a)(1) within 14 days after the parties' Rule 26(f) conference.  Any parties served or joined after the issuance of this scheduling order shall "make the initial disclosures within 30 days after being served or joined," as provided by Rule 26(a)(1)(D).

2

1

### B.    Fact Discovery

2    All fact discovery shall be completed[1] no later than **6/5/2026**.

3    ### C.    Expert Discovery

4    The parties shall disclose initial experts and produce reports in accordance with

5    Federal Rule of Civil Procedure 26(a)(2) by no later than **7/6/2026**.  With regard to

6    expert testimony intended solely for rebuttal, those experts shall be disclosed and

7    reports produced in accordance with Federal Rule of Civil Procedure 26(a)(2) on or

8    before **8/3/2026**.  All expert discovery shall be completed no later than **8/31/2026**.

9    Disclosures of expert witnesses, if any, must be made pursuant to Federal Rule

10   of Civil Procedure 26(a)(2)(A), (B) and (C), and shall include all information required

11   thereunder.  Each expert witness must be fully prepared to be examined on all

12   subjects and opinions included in the disclosures.  Failure to comply with these

13   requirements may result in the imposition of appropriate sanctions, including the

14   preclusion of the expert's testimony, or of other evidence offered through the expert.

15   ### D.    Joint Mid-Discovery Statement

16   By **2/13/2026**, all parties shall file with the Court a brief Joint Mid-Discovery

17   Statement summarizing the current status of discovery proceedings.  In this statement,

18   parties should state whether parties are actively engaged in discovery and identify any

19   issues preventing discovery from proceeding in a timely manner.  The filing of this

20   statement shall not relieve the parties or counsel of their obligations to meet and

21   confer, comply the deadlines set by the court, and timely notice all appropriate

22   discovery motions.

23   ////

24   ////

25

26   [1] As used herein, the word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by

27   appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. The parties are advised that motions to compel must be filed in advance of the discovery completion

28   deadlines so that the Court may grant effective relief within the allotted discovery time.  A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

1

## V.    MOTIONS

2      All dispositive motions, except motions for continuances, temporary restraining

3  orders, or other emergency applications, shall be filed on or before **11/6/2026** and

4  shall be noticed for hearing before Judge Calabretta on **12/17/2026 at 1:30 p.m.**

5  Counsel are directed to refer to the local rules and Judge Calabretta's Standing Order

6  regarding the requirements for noticing and opposing such motions on the Court's

7  regularly scheduled law and motion calendar.

8      All moving and opposition briefs or legal memoranda in civil cases shall not

9  exceed twenty-five pages without prior leave of court. Reply briefs filed by moving

10  parties shall not exceed fifteen pages. The Court will grant an application to extend

11  these page limitations only after good cause shown. Pages that exceed the page

12  limitations without leave of court will not be considered. Finally, no supplemental

13  briefs or sur-replies shall be filed and will not be considered without prior leave of

14  court.

15      Prior to filing a motion for summary judgment or motion for partial summary

16  judgment (summary adjudication), the parties are ordered to meet and confer, in

17  person or by telephone, to discuss the issues to be raised in the motion as required by

18  Judge Calabretta's Standing Order.  Failure to do so may result in denial of the

19  motion. Prior to filing a Motion for Summary Judgment, the moving party should meet

20  and confer with the non-moving party to determine whether there are undisputed

21  facts to which the parties can stipulate.  Any such facts should be filed with the Motion

22  as a Joint Statement of Undisputed Facts.  The moving party shall also include a

23  Separate Statement of Undisputed Facts with their motion for any facts that the

24  moving party believes to be undisputed but for which stipulation was not

25  possible.  The nonmoving party shall reproduce and respond to the moving party's

26  Statement of Undisputed Facts.  The nonmoving party may also file a concise

27  Statement of Disputed Facts.  The moving party shall reproduce and respond to the

28  ////

4

1  nonmoving party's Statement of Disputed Facts, but the moving party may not file a

2  reply to the nonmoving party's response to the Statement of Undisputed Facts.

3      In the notice of motion, the moving party shall certify that the parties have met

4  and conferred as ordered above or provide a statement of good cause for the failure

5  to do so.  In addition to the above, when filing any motion, parties should reference

6  and ensure compliance with Judge Calabretta's Standing Order.

7  **VI.    SETTLEMENT CONFERENCE**

8      No Settlement Conference is currently scheduled. If the parties wish to have a

9  settlement conference, one will be scheduled at the final pretrial conference or at an

10  earlier time upon request of the parties.

11  **VII.    FINAL PRETRIAL CONFERENCE**

12      The final pretrial conference is set for **4/8/2027 at 1:30 p.m.** in Courtroom 7

13  before District Court Judge Daniel J. Calabretta.  Hearings may be conducted by

14  Zoom upon the joint request of all parties.

15      The parties are directed to file a **joint** pretrial statement that complies with the

16  requirements of Local Rule 281 and Judge Calabretta's Standing Order in Civil Cases

17  not less than seven (7) days prior to the Pretrial Conference.  Counsel shall e-mail a

18  copy of the joint pretrial statement in Word format to Judge Calabretta's chambers at

19  djcorders@caed.uscourts.gov immediately thereafter.

20      The parties' attention is directed to Local Rules 281 and 282.  This Court will

21  insist upon strict compliance with these rules.  At the pretrial conference, the Court will

22  set deadlines to file trial documents, including motions *in limine*, trial briefs, and

23  proposed jury *voir dire*, instructions, and verdict forms (where applicable).

24  **VIII.    JURY TRIAL**

25      A jury trial is set for **6/7/2027 at 8:30 a.m.** in Courtroom 7 before District

26  Court Judge Daniel J. Calabretta.  Trial is anticipated to last five to seven (5-7) court

27  days.

28  *////*

1  **IX.    RELATED MATTERS PENDING**

2      The parties have not alerted the court to any related litigation.

3  **X.    OBJECTIONS AND MODIFICATIONS TO THE SCHEDULING ORDER**

4      **This case schedule will become final without further order of the Court**

5  **unless objections are filed within fourteen (14) days of the entry of this order.**

6  The schedule, once final, shall not be modified except by leave of the Court upon

7  showing of good cause.  Counsel shall contact Judge Calabretta's courtroom deputy,

8  Gabriel Michel, via e-mail at gmichel@caed.uscourts.gov, prior to filing a stipulation

9  and proposed order to continue the dates set forth herein.

10      The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of

11  Civil Procedure, no stipulations extending scheduling requirements or modifying

12  applicable rules are effective until and unless the Court approves them.  Agreement of

13  the parties by stipulation alone does not constitute good cause.  Counsel are

14  cautioned that requests or stipulations to continue dispositive motion deadlines or

15  trial dates must establish good cause exists and are not granted lightly.

16      Any request or stipulation to modify this scheduling order must set forth:

17      1.  The existing due date or hearing date as well as the discovery cutoff date,

18          the last date for hearing motions, the final pretrial conference date, and the

19          trial date;

20      2.  Whether there have been prior requests for extensions, and whether these

21          were granted or denied by the Court; and

22  ////

23  ////

24  ////

25  ////

26  ////

27  ////

28  ////

6

3. Specific, concrete reasons supporting good cause for granting of the extension.  For example, if the reason for the requested extension is that it "will promote settlement," the requesting party or parties must indicate the status of ongoing negotiations, e.g., that a mediator has been selected; written proposals have been exchanged; a draft settlement agreement is being reviewed by counsel; etc.

IT IS SO ORDERED.

Dated:  November 25, 2025                    /s/ Daniel J. Calabretta
_____
                                   THE HONORABLE DANIEL J. CALABRETTA
                                   UNITED STATES DISTRICT JUDGE